IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SANDY SPRING BANK,                )
          Plaintiff,              )
                                  )
     v.                           )      Case No. 1:09CV23 (GBL)
                                  )
ADVANCED SYSTEM SERVICES, CORP.,  )
FUTURE BUSINESS SERVICES, CORP.,  )
and, JEAN AGBEY                   )
          Defendants.             )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendants Advanced
System Services, Inc. ("ASSI"), Future Business Services, Corp.
("FBS"), and Jean Agbey's, Motion to Dismiss Plaintiff's
Complaint under Federal Rules of Civil Procedure 12(b)(1) and
12(b)(3) for lack of subject matter jurisdiction and improper
venue.  This case concerns the parties' dispute over
jurisdiction and venue in the Eastern District of Virginia based
on the language in a forum selection clause in a Promissory Note
and Business Loan Agreement between the parties.  The issue
before the Court is whether the forum selection clause in the
Promissory Note and Business Loan Agreement between Plaintiff
and Defendants was permissive or mandatory, and if permissive,
whether this Court has subject matter jurisdiction over the
claim and whether venue is proper in the Eastern District of

1

Virginia.  The Court denies Defendants' Motion to Dismiss because the Consent to Jurisdiction clause does not provide exclusive jurisdiction in Maryland and instead contains a permissive forum selection clause.  Therefore, venue is proper in the Eastern District of Virginia as Plaintiff is a citizen of Maryland, the three defendants are citizens of Virginia, and all the defendants either reside, or have their principal place of business, in the Eastern District of Virginia.

## I. BACKGROUND

Plaintiff, Sandy Spring Bank ("Bank"), is a Maryland banking corporation with its principal place of business in Maryland.  Defendants, ASSI and FBS, are Virginia corporations with their principal places of business in Fairfax County, Virginia, and Defendant Jean Agbey is an individual who lives in Fairfax County, Virginia.  On, or around, June 5, 2007, the Bank provided a $200,000 loan to ASSI.  ASSI executed a Promissory Note, a Business Loan Agreement, and a Commercial Security Agreement with Sandy Spring Bank.  The Promissory Note and Business Loan Agreement contain identical Consent to Jurisdiction provisions stating:

> Borrower irrevocably submits to the Jurisdiction of
> any state or federal court sitting in the State of
> Maryland of any suit[,] action or proceeding arising
> out of or regarding to this Note.  Borrower
> irrevocably waives to the fullest extent permitted by
> law any objection that Borrower may have now or

2

hereafter have to the laying of venue of any such
suit[,] action or proceeding brought in any such court
and any claim that any such suit[,] action or
proceeding brought in any such court has been brought
in an inconvenient forum.  Final judgment in any such
suit[,] action or proceeding brought in any such court
shall be conclusive and binding upon Borrower and may
be enforced in *any* court in which Borrower is subject
to jurisdiction by suit upon such judgment that
service of process is effected upon Borrower as
provided in this Note or as otherwise permitted by
applicable law.

Additionally, the Promissory Note and Business Loan Agreement

contain Governing Law provisions stating that the loan and

agreement are governed by Maryland law to the extent that it is

not preempted by federal law.  The Commercial Security Agreement

states:

With respect to procedural matters related to the
perfection and enforcement of Lender's rights against
the Collateral this Agreement will be governed by
federal law applicable to Lender and to the extent not
preempted by federal law the laws of the Commonwealth
of Virginia.  In all other respects this Agreement
will be governed by federal law applicable to Lender
and to the extent not preempted by federal law the
laws of the State of Maryland without regard to its
conflicts of law provisions.  However if there ever is
a question about whether any provision of this
Agreement is valid or enforceable the provision that
is questioned will be governed by whichever state or
federal law would find this provision to be valid and
enforceable.  The loan transaction that is evidenced
by the Note and this Agreement has been applied for
considered approved and made and all necessary loan
documents have been accepted by Lender in the State of
Maryland.

Furthermore, on June 5, 2007, FBS and Agbey each executed

Commercial Guaranties under which they agreed to guarantee the

3

"full and punctual payment and satisfaction of the Indebtedness of [ASSI] to [Sandy Spring Bank] and the performance and discharge of all [ASSI's] obligations under the [Promissory] Note and the Related Documents." On December 11, 2008, the Bank sent a letter to Defendants to inform them that ASSI was in default on payment on the Promissory Note. The Bank subsequently brought this action against Defendants, ASSI, FBS, and Agbey, pursuant to the default provisions of the Promissory Note and Guaranties. Defendants filed a Motion to Dismiss alleging lack of subject matter jurisdiction and improper venue.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. FED. R. CIV. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *See United States v. Hays,* 515 U.S. 737, 743 (1995) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)); *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). A 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See e.g., White v. CMA Constr. Co., Inc.,* 947 F.Supp. 231, 233

4

(E.D.Va.1996); *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549
F.2d 884, 891 (3d Cir.1977); *see also Williams v. United
States,* 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen,* 549
F.2d at 891). In such a case, the trial court's "very power to
hear the case" is at issue. *Mortensen,* 549 F.2d at 891.  The
district court is then free to weigh the evidence to determine
the existence of jurisdiction. *Adams,* 697 F.2d at 1219.  "No
presumptive truthfulness attaches to the plaintiff's
allegations, and the existence of disputed material facts will
not preclude the trial court from evaluating for itself the
merits of jurisdictional claims." *Mortensen,* 549 F.2d at 891.

Federal Rule of Civil Procedure 12(b)(3) allows a defendant
to move for dismissal of a claim based on improper venue. FED.
R. CIV. P. 12(b)(3).  Motions to dismiss based on forum-selection
clauses should be treated as motions to dismiss under 12(b)(3).
*Sucampo Pharm., Inc., v. Astellas Pharma, Inc.,* 471 F.3d 544,
550 (4th Cir. 2006).  After a defendant objects to venue under
12(b)(3), a plaintiff bears the burden of establishing the venue
is proper. *See Bartholomew v. Va. Chiropractors Ass'n, Inc.,*
612 F.2d 812, 816 (4th Cir.1979), *overruled on other grounds by
Ratino v. Med. Serv. of D.C.,* 718 F.2d 1260 (4th Cir.1983).
When the court does not hold an evidentiary hearing, the
plaintiff needs to only make a *prima facie* showing of venue.

5

*Mitrano v. Hawes,* 377 F.3d 402, 405 (4th Cir.2004).  The district court is then free to dismiss the case if venue is not proper in the court in which the case was filed.  FED. R. CIV. P. 12(b)(3).

**B. Analysis**

> i. *The Forum Selection Clauses are Permissive because they lack obligatory language.*

The Court holds that the forum selection clause is permissive because it does not contain any language mandating jurisdiction in Maryland.  Since the clause does not have any specific language excluding jurisdiction outside of Maryland, it merely confers jurisdictions in Maryland without making it exclusive.  *See IntraComm Inc., v. Bajaj,* 492 F.3d 285, 290 (4th Cir. 2007) ("[A]n agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion.") (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc.*, 22 F.3d 51, 53 (2d Cir. 1994)).  Several circuit courts have analyzed the scope of mandatory and permissive forum selection clauses, holding that mandatory clauses require that litigation be in a designated forum, whereas "permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *K & V Scientific Co. v. BMW,* 314 F.3d

6

494, 498 (10th Cir. 2002) (quoting *Excell, Inc. v. Sterling
Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997)); *Ocwen
Orlando Holdings Corp. v. Harvard Prop. Trust, LLC,* 526 F.3d
1379, 1381 (11th Cir. 2008). In this case, the language in the
Consent to Jurisdiction clause, "[b]orrower irrevocably submits
to the Jurisdiction of any state or federal court sitting in the
State of Maryland" is not mandatory because it does not contain
obligatory language, thereby suggesting that non-Maryland courts
are not excluded from having jurisdiction. *See K & V Scientific
Co.,* 314 F.3d at 499 ("[W]here venue is specified with mandatory
or obligatory language, the clause will be enforced; where only
jurisdiction is specified, the clause will generally not be
enforced unless there is some further language indicating the
parties' intent to make venue exclusive") (quoting *Paper
Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th
Cir. 1992)); *see also Phillips v. Audio Active Ltd.,* 494 F.3d
378, 386 (2d Cir. 2007) (finding the forum selection clause
mandatory because its language "are to be brought" is
obligatory).

Furthermore, the language "irrevocably submits to the
jurisdiction" does not clearly indicate that the Bank and
Defendants intended for Maryland to be the *only* forum for
litigation, and therefore the clause should be construed as a

7

permissive forum clause.  In *S&D Coffee Inc., v. GEI*
*Autowrappers,* the court concluded that the language "both
parties *shall submit to the jurisdiction* of the English courts"
did not indicate that England had exclusive jurisdiction
because, although the term "shall" is mandatory, the court found
that there needed to be more explicit language in the clause
stating that jurisdiction was exclusive.  995 F. Supp. 607, 610
(M.D.N.C. 1997).  Additionally, the forum selection clause is
most appropriately categorized as a hybrid clause because while
it does not place mandatory limitations upon both parties, it
provides for permissive jurisdiction in Maryland, and
jurisdiction becomes mandatory upon Defendants if they are sued
in Maryland.  *See Ocwen Orlando Holdings Corp.,* 526 F.3d at 1381
(finding that the forum selection clause was a hybrid, in that
the first portion of the clause was permissive because a party
did not need to bring a suit in Orange County, Florida, but if
the suit was brought there, the defendant had to submit to the
jurisdiction).

Finally, the Governing Law provision has little impact in
determining whether jurisdiction is obligatory in Maryland
because, generally, choice of law clauses do not indicate
parties' intentions with regard to jurisdiction.  *See K & V*
*Scientific Co.,* 314 F.3d at 501 ("[T]he parties' choice of law

provision (even assuming that it is binding and controls all of plaintiff's claims) appears to carry little, if any, weight in determining whether the parties' forum selection clause was intended as mandatory or permissive."). Moreover, since forum clauses involve procedural issues and choice of law clauses are substantive, federal law, not choice of law provisions, should determine whether a forum clause is mandatory or permissive. *Phillips,* 494 F.3d at 384-85. The Court finds that the forum selection clause is permissive because the phrase, "borrower irrevocably submits," lacks obligatory language, thereby indicating that jurisdiction is not exclusive in Maryland and that the Bank may litigate their claim in Virginia.

> ii. *Jurisdiction and Venue are Proper in this Court under 28 U.S.C. § 1332(a) & § 1391(a)(1)*

The district court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000, and because there is diversity of citizenship. 28 U.S.C. § 1332(a). Furthermore, venue is proper in the Eastern District of Virginia because Defendant Agbey resides in this judicial district, and Defendants ASSI and FBS have their principal places of business in this judicial district. 28 U.S.C. § 1391(a)(1). Hence, this Court denies Defendants' Motion to Dismiss because the Consent to Jurisdiction clause lacks clear and explicit language stating that jurisdiction is exclusive in

Maryland, and therefore, this Court has jurisdiction over the matter and venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1332(a) and § 1391(a)(1).

### III. CONCLUSION

Defendants' Motion to Dismiss is denied because the forum selection clauses in the Promissory Note and the Business Loan Agreement do not contain mandatory language, rendering jurisdiction in a Maryland court permissive. This Court has subject matter jurisdiction over the matter pursuant to diversity jurisdiction as delineated in 28 U.S.C. § 1332(a), and venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because all the defendants either reside, or have their principal place of business, in the Eastern District of Virginia.

For the foregoing reasons, it is hereby

ORDERED that Defendants Advanced System Services, Inc. ("ASSI"), Future Business Services, Corp. ("FBS"), and Jean Agbey's, Motion to Dismiss is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 30th day of March, 2009.

Alexandria, Virginia
03/30/09

_____/s/_____
Gerald Bruce Lee
United States District Judge

10